UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD JAMES W.,

Plaintiff,

Case No. 2:26-cv-10258-APP
Honorable Anthony P. Patti

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14), and REMANDING THIS MATTER TO THE COMMISSIONER OF SOCIAL SECURITY FOR ACTION CONSISTENT WITH THIS DECISION**

## I. OPINION

### A. Background

In November 2022, Edward James W. (EJW) applied for supplemental security income (SSI) benefits, alleging his disability began September 12, 2015, at which point he was 32 years old (*see* ECF No. 6-1, PageID.274-282, 294), and for disability insurance (DI) benefits, alleging his disability began on July 21, 2021, at which point he was 38 years old (*see id.*, PageID.283-286). (*See also id.*, PageID.306-307.) His claims were denied initially in July 2023 and upon reconsideration in November 2023. (*Id.*, PageID.81-144, 152-167.)

In January 2024, EJW sought a hearing with an administrative law judge (ALJ) (*id*., PageID.168-169), and, on January 24, 2025, ALJ Trina Mengesha-Brown conducted a hearing, at which the claimant, his counsel, and a vocational expert (VE) appeared (*id*., PageID.56-80). On March 6, 2025, ALJ Mengesha-Brown issued an unfavorable decision. (*Id*., PageID.32-55.)

On April 30, 2025, EJW requested review (*id*., PageID.271-273); however, on November 21, 2025, the Appeals Council (AC) denied the request for review (*id*., PageID.1-6).

**B. Instant Case & Pending Motion**

On January 23, 2026, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner"). The parties have consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 8.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 11), which challenges the ALJ's treatment of the opinion evidence. (*Id*., PageID.668-677.) The Commissioner filed a cross-motion for summary judgment (ECF No. 14), and Plaintiff has filed a reply (ECF No. 15).

On October 15, 2026, the Court conducted a remote hearing, at which Attorney Cheryl O'Brien and Assistant United States Attorney Una McGeehan

appeared. After a brief recess, the Court issued its opinion and reasoning from the bench, all of which is incorporated by this reference as though fully restated herein.

### C. Standard

Plaintiff has the burden of proof on his statement of error, as he challenges the ALJ's treatment of the opinion evidence (*see* ECF No. 6-1, PageID.43-45), which occurred between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## D. Discussion

### 1. State agency reconsideration psychological consultant Erika Gilyot-Montgomery, Psy.D.'s opinion

Plaintiff's first opinion evidence argument calls into question the RFC's social interaction limitations, which included the quantitative limitation of "occasional interactions with supervisors and coworkers and none with the general public" (*id*., PageID.41) but excluded a qualitative limitation. By way of background, each of the state agency psychological consultants – Anthony Gensterblum, Ph.D. on initial review in March 2023 and Erika Gilyot-Montgomery, Psy.D. on reconsideration in November 2023 – opined that Plaintiff was "moderately limited" in his ability to "interact appropriately with the general public[.]" (ECF No. 6-1, PageID.91, 105, 119, 132.) However, while Gensterblum's "MRFC Additional Explanation" summary opined that Plaintiff would be capable of "no more than occasional interaction with others[,]" (ECF No. 6-1, PageID.91-92, 105-106), Gilyot-Montgomery's "MRFC Additional Explanation" opined that Plaintiff was capable of "brief, superficial social interaction . . . [,]" (*id*., PageID.119-120, 132-133).

Although the ALJ's RFC assessment incorporated a quantitative social interaction limitation – *i.e.*, "occasional interactions with supervisors and coworkers and none with the general public[,]" (*see* ECF No. 6-1, PageID.41) – Plaintiff argues that the ALJ erred in her consideration of the state agency

reconsideration psychological consultant's opinion by finding it persuasive but failing to explain the absence of a qualitative social interaction limitation. (ECF No. 11, PageID.669-673; ECF No. 15, PageID.698-700.) The Commissioner argues that the ALJ "did not need to include a limitation to brief, superficial social interaction in the RFC finding[.]" (ECF No. 14, PageID.686-690.)

Here, Plaintiff has the better argument. Preliminarily, the ALJ's consideration of the state agency psychological consultants' opinions was in *combined* fashion (*id*., PageID.43-44), which makes it difficult to determine whether the ALJ's RFC assessment relied on the differences between Gensterblum's quantitative explanation of "no more than occasional interaction with others" (*id*., PageID.87, 92, 101, 106) and Gilyot-Montgomery's quantitative *and* qualitative explanation of "unskilled tasks with brief, superficial social interaction" (*id*., PageID.120, 133). Moreover, contrary to the Commissioner's suggestion at oral argument, Dr. Gilyot-Montgomery's explanation (*see id*.) was not just a commentary on Paragraph B criteria; rather, it was part of the mental RFC "additional explanation." (*Id*., PageID.119-120, 132-133.)

More to the point, the ALJ found "persuasive" both state agency consultants' opinions that Plaintiff had "moderate limitations to interacting with others" and adopted those limitations, even while explicitly rejecting some other portions of their opinions as unpersuasive. (*Id*., PageID.43-44.) Notwithstanding

this finding, the ALJ did not *articulate* why a portion of Dr. Gilyot-Montgomery's persuasive opinion – in this case, the qualitative limitation – was not adopted. This contravenes the ALJ's obligation to address supportability and consistency in accordance with SSR 96-8p, 20 C.F.R. § 404.1520c(b)(2),(3), even if, as the Commissioner argues, the ALJ was not required to include a qualitative component. While it was agreed at oral argument that neither the ALJ nor the consultant were *required* to include a qualitative component in opining on social interaction, since the consultant's opinion on social interaction was credited as persuasive and *did* include a qualitative limitation, it was incumbent upon the ALJ to either include that material limitation in the RFC or convincingly explain why it was excluded. Neither the Claimant nor the Court should have to guess. The Commissioner's suggestion that Dr. Gilyot-Mongomery's limitation to "superficial social interaction" (ECF No. 6-1, PageID.120) was somehow addressed through the RFC's reference to "occasional interactions with supervisors and coworkers and none with the general public" (*id*., PageID.41) fails to recognize, as one court persuasively noted, that "'superficial' interaction is distinct from 'occasional' interaction because the latter refers to the quantity of interactions, while the former refers to the quality of interactions." *Mabry-Schlicher v. Comm'r of Soc. Sec*., No. 24-3811, 2025 WL 1604376, at *4 (6th Cir. June 6, 2025). Significantly, as explained from the bench, the addition of a

qualitative limitation to merely "superficial social interaction" would have changed the RFC, in turn affected the hypotheticals posed to the VE, and potentially changed the conclusion as to Plaintiff's employability in the workplace, *i.e.*, may have led to a finding that there were no jobs in the national economy where he could have been suitably employed.

In sum, Plaintiff is entitled to remand on this issue for proper articulation as to why Dr. Gilyot-Montgomery's qualitative limitation on interaction, which appeared in an opinion the ALJ found to be persuasive, was not included in the RFC. If, on remand, the ALJ determines that the RFC should include a qualitative limitation, it may influence the resulting Step 5 conclusion. As it stands now, the Court on subsequent review is unable to trace the path of the ALJ's reasoning on this material issue because the ALJ's opinion "fails to provide an accurate and logical bridge between the evidence and the result." *Gross v. Commissioner of Social Sec.*, 247 F. Supp.3d 824, 829 (E.D. Mich. 2017) (internal quotation and citation omitted).

**2. Treating medical source Rachel H. Plum, M.D.**

Dr. Plum treated EJW at Northern Lakes Community Mental Health Authority. (*See id*., PageID.508-526, 529-545, 546-575, 585-621, 627-643.) Plaintiff argues that the ALJ erred in her consideration of Dr. Plum's September 20, 2024 opinion (ECF No. 6-1, PageID.623-626). (ECF No. 11, PageID.673-674;

ECF No. 15, PageID.700-701.) The Commissioner argues that the ALJ "properly considered Dr. Plum's medical source statement[.]" (ECF No. 14, PageID.690-694.)

On this issue, the Court finds in Defendant's favor. Preliminarily, much of Dr. Plum's opinion is check-box in form. *See, e.g., Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016) ("the [ALJ] properly gave a check-box form little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence."). More to the point, the ALJ found certain of Dr. Plum's limitations "unpersuasive," because "they are extreme and are not consistent with the medical evidence." (ECF No. 6-1, PageID.44.) Then – having noted Dr. Plum's statement that Plaintiff "has had a hard time sustaining gainful employment[,]" (*id.*, PageID.626) – the ALJ explained:

> However, the claimant testified to trying no more than quick "odd jobs" since his alleged onset date. Earnings records show no employment at all. The evidence is contrary to any records of attempts at gainful employment. There are visit notes indicating fair attention/concentration ([ECF No. 6-1, PageID.604]), and test results indicating that the claimant concentrates well enough to spell test words both forwards and backwards ([*id.*, PageID.461]). Once in treatment, the claimant exhibited linear, logical thoughts processes ([*id.*, PageID.574]). While he stated that he was bored during his hearing testimony, the claimant did maintain attention / concentration sufficiently to participate fully.

(ECF No. 6-1, PageID.44-45.) (*See also id*., PageID.70-72 [Hearing Testimony]; *id*., PageID.287-323 [Earnings Records, Exhibits 3D-21D], 65-67 [Hearing Testimony].)

Having explained why he finds Dr. Plum's opinion unpersuasive and extreme, the Court is satisfied that the ALJ adequately articulated the supportability and/or consistency factors (*see* SSR 96-8p, 20 C.F.R. § 404.1520c(b)(2),(3)) and finds no error in the ALJ's consideration of treating physician Dr. Plum's opinion.[1]

## V. Order

In sum, upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, as well as the reasons set forth above, Plaintiff has shown legal error that would upend the ALJ's decision, namely an articulation error in the consideration of state agency reconsideration psychological consultant Dr. Gilyot-Montgomery's opinion. Accordingly, Plaintiff's motion for summary judgment (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART**, Defendant's motion for summary

[1] Having reached these conclusions, the Court need not address separately either Plaintiff's argument that the ALJ's errors "are not harmless[,]" (*see* ECF No. 11, PageID.675-677) or the Commissioner's response thereto (*see* ECF No. 14, PageID.694).

judgment (ECF No. 14) is **GRANTED IN PART and DENIED IN PART**, and this matter is **REMANDED** to the Commissioner of Social Security for action consistent with this decision. Upon remand, it would be beneficial for the ALJ to separately address the opinions of the two state agency consultants (Anthony Gensterblum, Ph.D. and Erika Gilyot-Montgomery, Psy.D.), rather than discussing them interchangeably in the same paragraph of the opinion. Then, with more precise articulation, Plaintiff and any subsequent reviewer could discern which portions of their persuasive opinions were actually adopted and, if any portions were not adopted, despite being found persuasive, why.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE